UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIK WOOD                                   JURY TRIAL DEMANDED

v.                                          CASE NO. 3:13 CV

AUDUBON FINANCIAL BUREAU LLC
DEBT MANAGEMENT PARTNERS, LLC
DOMENICO D'ANGELO

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and other applicable laws, including the Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-648 ("CCPA"), and the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA).

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a Connecticut resident.

4. Defendant Audubon (AFB) is an entity located in Amherst New York that has been sending emails and text messages to plaintiff in an effort to collect "as agent for Seaside Payday."

5. Defendant Debt Management (DMP) is an entity located in Amherst New York, is an experienced purchaser of non-performing receivables, and one of the largest buyers of payday loan and cash advance accounts in the country. Since 2003, DMP has purchased over $2 billion of delinquent payday loans.

6. Upon information and belief, both defendants are located at the same address and are owned, in part, by Adam March.

7. Upon information and belief, DMP purchased plaintiff's Seaside Payday account

Case 3:13-cv-00938-JCH   Document 1   Filed 07/02/13   Page 2 of 3

and assigned AFB to engage in collection efforts.

8. Defendant AFB has an office at 200 John James Audubon Pkwy # 300, Amherst NY 14228 which was not licensed as a consumer collection agency in compliance with chapter 669 Part XII of the Connecticut General Statutes when communicating in connection with efforts to collect plaintiff's personal disputed Seaside account

9. Defendant D'Angelo is Manager/CEO/Collection Manger of AFB, who supervised, controlled, managed, ratified, and participated in the debt collection efforts at issue herein.

10. Defendants regularly attempt, directly or indirectly, to collect consumer debts.

11. In or before February, 2013, Audubon began communicating with plaintiff in an effort to collect the Seaside account.

12. AFB, as a matter of policy, does not send the notice required by §1692g, and did not send one to plaintiff,

13. On February 15, 2013, plaintiff provided AFB with a written dispute as to whether he owed the Seaside account, complaining about AFB's impersonation of law enforcement officers, and limiting AFB communications to one email address.

14. Thereafter, AFB continued its efforts to collect without validating the account.

15. AFB called frequently, sometimes several times a day.

16. On May 17, AFB called plaintiff's boss. Plaintiff got pulled into his boss's office; the boss gave plaintiff the message that plaintiff was being sued and served at work.  Plaintiff made a $50 payment to hold AFB off because AFB said they would continue to call his boss.

17. On May 17, AFB was notified that plaintiff was represented by counsel and to cease all collection.

18. On May 20, 2013, AFB sent plaintiff a letter which claimed a balance due that did not include the $50 payment he had made.

19. AFB continued to communicate with plaintiff. Except for the letter of May 20, 2013, none of the communications included the notice required by §1692e(11).

20. On June 6, 2013, Amy Torres, an AFB employee, called plaintiff to advise they would be sending a summons "next week."

21. In the collection efforts within one year prior to the date of this action, defendants violated the FDCPA, § 1692e, –f(1), or –g and the parallel provisions of the CCPA, as well as the Telephone Consumer Protection Act (TCPA).

22. WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA, plus $1,000 statutory damages a the CCPA, plus statutory damages for each call/ message after 2/13/2013 under the TCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

2. Award such other and further relief as law or equity may provide

                                          THE PLAINTIFF

                                          BY__/s/ Joanne S. Faulkner__
                                          JOANNE S. FAULKNER ct04137
                                          123 AVON STREET
                                          NEW HAVEN, CT 06511-2422
                                          (203) 772-0395
                                          faulknerlawoffice@snet.net