**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERIK WOOD : | |
|    Plaintiff, : | |
| : | |
| v. : | CASE NUMBER: 3:13-CV-00938-JCH |
| : | |
| AUDUBON FINANCIAL BUREAU LLC : | |
| DEBT MANAGEMENT PARTNERS, LLC: | |
| DOMENICO D'ANGELO : | |
|    Defendants : | |
| : | OCTOBER 1, 2013 |

Defendants Audubon Financial Bureau, LLC ("Audubon"), Debt Management Partners, LLC ("DMP"), and Domenico D'Angelo ("D'Angelo") (collectively "Defendants") by their undersigned attorneys, Baio & Associates, P.C., as and for their answer to the complaint of the plaintiff Erick Wood ("Plaintiff"), state as follows:

## ADMISSIONS AND DENIALS

1.    Admit the allegations in paragraphs 5 and 11 of the complaint.

2.    Deny the allegations in paragraphs 6, 9, 10, 12, 17, 20 and 21 of the complaint.

3.    Deny knowledge or information sufficient to form a belief regarding truth or falsity of the allegations in paragraphs 3, 13, 14 and 16 of the complaint.

4. With respect to the allegations in paragraphs 1 and 2 of the complaint, deny knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in those paragraphs.

5. With respect to the allegations in paragraph 4 of the complaint, admit that Audubon is an entity located in Amherst, New York, and that Audubon has made efforts to contact plaintiff regarding his delinquent debt(s), and deny knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in that paragraph.

6. With respect to the allegations in paragraph 7 of the complaint, admit that DMP purchased certain delinquent debt owed by plaintiff which originated with a lender known as "Seaside", and further admits that DMP placed that debt with Audubon, which acted solely as an independent contractor for all purposes, and deny knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in that paragraph.

7. With respect to the allegations in paragraph 8 of the complaint, admit that Audubon has an office at 200 John James Audubon Parkway, Amherst, New York, further state that plaintiff has alleged a legal conclusion to which no response is required, but to the extent a response is required, deny knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in that paragraph.

8.	With respect to the allegations in paragraph 15 of the complaint, admit that, on certain dates, Audubon attempted to contact plaintiff more than one time, but deny knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in that paragraph.

9.	With respect to the allegations in paragraph 18 of the complaint, state that the allegations in that paragraph refer to a document, which speaks for itself, and deny knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in those paragraphs.

10.	With respect to the allegations in paragraph 19 of the complaint, deny knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in that paragraph.

11.	Deny each and every allegation in the complaint not hereinbefore admitted, denied, or otherwise controverted.

## **AFFIRMATIVE DEFENSES**

12.	Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants assert that plaintiff's own acts or omissions caused or contributed to his injury, if any.

13. Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants assert that its misconduct, if any, resulted from a good-faith error, despite Audubon's use of reasonable procedures to avoid such errors.

14. Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants assert that the misconduct, if any, of its agents and/or employees was the result of a deviation by the same in which they were pursuing their own interests and not acting within the scope of their employment and/or agency relationship.

15. Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants have at all times mad a good faith effort to comply with all other state, local, or federal laws, and any actions by current or former employees contrary to this effort was in violation of said policies and procedures.

16. Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants assert that plaintiff's claims for damages are restricted by all applicable limitations under the law.

17.     Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, and upon information and belief, defendants assert that plaintiff has failed to mitigate any and all alleged damages, and that it is entitled to an offset for any amount which was or could have been avoided by plaintiff, had he made reasonable attempts to mitigate.

18.     Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving plaintiff's burden to show otherwise, defendants are not liable to plaintiff because of plaintiff's express, implied, and/or constructive consent.

19.     Defendant reserves the right to assert additional affirmative defenses as may be appropriate in connection with the facts obtained through discovery.

## **PRAYER FOR RELIEF**

20     WHEREFORE, defendants demand adjustment as follows:

A.      Dismissing the complaint against it; and

B.      Granting it such other and further relief as this Court deems just and proper, including the costs and disbursements of this action.

        Defendants,
        Audubon Financial Bureau, LLC, Debt Management Partners, LLC, Domenico D'Angelo

       BY:  /s/Claudia A. Baio
         Claudia A. Baio
         Baio & Associates, P.C.
         15 Elm Street
         Rocky Hill, CT 06067
         Tele:. (860) 571-8880
         Fax: (860) 571-8853
         Federal Bar No. ct04836
         Her Attorney
         Email: cbaio@baiolaw.com

## **CERTIFICATION**

      I hereby certify that on October 1, 2013, a copy of the foregoing Answer and Affirmative Defenses were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The parties served were:

Attorney Joanne S. Faulkner  
Law Offices of Joanne Faulkner  
123 Avon Street  
New Haven, CT 06511-2422

                                                              BY:  /s/Claudia A. Baio  
                                                                    Claudia A. Baio  
                                                                    Baio & Associates, P.C.  
                                                                    15 Elm Street  
                                                                    Rocky Hill, CT 06067  
                                                                    Tele:. (860) 571-8880  
                                                                    Fax: (860) 571-8853  
                                                                    Federal Bar No. ct04836  
                                                                    Her Attorney  
                                                                    Email: cbaio@baiolaw.com